United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60987
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTIS JEROME WHITE, JR., also known as
Jerome, also known as "J",

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 96-CR-37-4-GG
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Artis Jerome White, federal prisoner # 21853-018, challenges the district court's denial of his request for mandamus relief, pursuant to 28 U.S.C. § 1361, requiring the Government to file a FED. R. CRIM. P. 35(b) motion for a reduction of sentence based on his substantial assistance. He briefs no argument regarding the denial of his alternative request for a motion to compel, and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that argument is waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Mandamus may issue only when (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other available remedy.  Smith v. North La. Medical Review Ass'n, 735 F.2d 168, 172 (5th Cir. 1984).  The issuance of the writ of mandamus lies within the discretion of the court to which it is directed.  United States v. Denson, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc).

White has not demonstrated an abuse of discretion on the district court's part because, as the district court determined, he has not shown a clear entitlement to the requested relief nor a clear duty owed him by the Government.  Rule 35 motions for reductions of sentence are generally filed only at the Government's discretion.  See FED. R. CRIM. P. 35(b).  Contrary to White's assertions, the district court correctly found that the Government did not bargain away this discretion by promising to file a Rule 35 motion as part of the plea agreement; it promised only to file a motion for a downward departure, pursuant to U.S.S.G. § 5K1.1, based on White's substantial assistance, which it did.  The letters White submitted as proof of the promise of a Rule 35 motion do not support that assertion; even if a postjudgment oral promise was made, to obtain relief, White would have to show that the Government relied on an unconstitutional motive, such as race or religion, in refusing to file the Rule 35

motion.  See Wade v. United States, 504 U.S. 181, 185 (1992).

White has made no allegation or argument regarding an

unconstitutional motive on the Government's part and thus cannot

demonstrate a clear entitlement to the requested relief.  See id.

at 185-86.

The district court did not abuse its discretion in denying

mandamus relief.  See Denson, 603 F.2d at 1146.  Accordingly, its

judgment is AFFIRMED.